UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
**MAY 0 4 2005**
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GENE MILETO,

    Defendant.
_____/

Case No. 91-80149

Honorable John Corbett O'Meara

### ORDER DENYING DEFENDANT'S APRIL 12, 2004 APPLICATION TO SET ASIDE CONVICTION

This matter came before the court on defendant Gene Mileto's April 12, 2004 application to set aside his conviction. The government filed a response August 13, 2004. No reply was filed, and no oral argument was heard.

Petitioner Mileto seeks to have the court expunge the record in this case approximately 13 years after his conviction. Although the application was filed in this court, Petitioner used a form provided by the courts of the State of Michigan which cites statutory authority under Michigan law.

Title 28 U.S.C. § 534 directs the Attorney General of the United States, however, to acquire and preserve criminal records. While courts have ancillary, inherent or general power to order the expunction of arrest, indictment, conviction or related criminal justice records, a court's remedial power is not unlimited. Court have observed that it is a narrow power appropriately used only in extreme circumstances. See e.g., Geary v. United States, 901 F.2d 679 (8th Cir. 1990). A district court's decision denying a request for expungement will not be reversed absent a showing of abuse of discretion. United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977).

A court's power to order expungement of a conviction has been invoked in only exceptional circumstances such as an illegal conviction, Kowall v. United States, 53 F.R.D. 211 (W.D. Mich. 1971); an unconstitutional conviction, Severson v. Duff, 322 F. Supp. 4 (M.D. Fla. 1970); a conviction resulting from government misconduct, United States v. Benlizar, 459 F. Supp. 614 (D.C. Cir. 1978); and a conviction of a youth who was wrongly tried as an adult, Grandison v. Warden, 423 F. Supp. 112 (D. Md. 1976).

In the present case, Petitioner has failed to present any of the recognized extreme or exceptional circumstances supporting expunction of the record. In fact, Petitioner pleaded guilty to the crime of which he was convicted, and there is no question regarding the validity of the conviction.

### ORDER

Therefore, it is hereby **ORDERED** that defendant Gene Mileto's April 12, 2004 application to set aside conviction is **DENIED**.

*[signature]*

John Corbett O'Meara
United States District Judge

Dated: **MAY 0 4 2005**

PURSUANT TO RULE 77(d), FRCivP
COPIES HAVE BEEN MAILED TO:

*Gene Mileto*
*AUSA Richard Delonis*

ON *May 4, 2005*

*[signature]*
DEPUTY COURT CLERK

2